67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PLITT AMUSEMENT COMPANY, Plaintiff-Appellant,
v.
ACT III THEATRES, INC.; Act III Communications, Inc.,
Defendants-Appellees.
 No. 94-35159.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 27, 1995.
 
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plitt Amusement Company appeals the district court's summary judgment in favor of Act III Theatres, Inc. and Act III Communications, Inc., in Plitt's antitrust action which alleged that Act III monopolized first-run movie theaters in Portland, Oregon and Spokane, Washington in violation of Section 2 of the Sherman Act, 15 U.S.C. Sec. 2, and Section 7 of the Clayton Act, 15 U.S.C. Sec. 18. We affirm.
 
 DISCUSSION
 
 3
 1. In order to establish a claim of monopolization under section 2 of the Sherman Act, a plaintiff must prove: "(1) [p]ossession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal antitrust injury." Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 817 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 814, 121 L.Ed.2d 686 (1992); see also Movie 1 & 2 v. United Artists Communications, 909 F.2d 1245, 1254 (9th Cir.1990), cert. denied, 501 U.S. 1230, 111 S.Ct. 2852, 115 L.Ed.2d 1020 (1991). Even if it could succeed on the other elements, Plitt stumbles on the issue of causation.[1]
 
 
 4
 A plaintiff must prove causal antitrust injury "regardless of the type of antitrust claim involved. " Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 868 (9th Cir.1991) (emphasis in original) (citation omitted), cert. denied, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). There is insufficient evidence that Act III caused the Plitt-Cineplex deal to fall through, even for purposes of summary judgment. Plitt cannot recover for "injuries which have been independently caused by something other than the antitrust violation." Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1366 (9th Cir.1986) (citation omitted), cert. denied, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987). Even if Plitt suffered damages, they were caused by circumstances that were not controlled by Act III.
 
 
 5
 When G.E. Capital Corporate Finance Group, Inc., refused to finance the transaction, Heller was initially eager to do so. Plitt and Heller had been negotiating terms for financing the transaction for at least part of the time that Plitt had been negotiating with G.E. Plitt's assertion that it had to undertake a mad scramble in order to obtain financing once G.E. refused financing is not consistent with the facts.
 
 
 6
 Nor do Plitt's claims that Heller was not an acceptable substitute lender because of its "inexperience" in theater acquisitions ring true. Plitt shared Heller's concern when they both learned of Cineplex's disappointing earnings for the first six months of 1990. If that concern was a result of Heller's inexperience, then Plitt also would have been inexperienced, which it was not. Further, there was evidence that there were other lenders capable of providing this kind of financing and that there was nothing unusual about this transaction. Similarly, the contemporaneous record showed that the major deal-breaker was the operating results report for the Cineplex theaters during the first six months of 1990. Those results were not even available until after the G.E. loan discussions were aborted and the Heller loan was moving toward closing.
 
 
 7
 Equally telling is the fact that Plitt itself accused Cineplex--not Act III--of being responsible for the deal's collapse. As Plitt pointed out to Cineplex, the failure to close was "directly attributable" to the "acts and omissions" of Cineplex. Frustrated deals are not forbidden by the antitrust laws. See United States v. Syufy Enters., 903 F.2d 659, 673 (9th Cir.1990). The district court's grant of summary judgment was proper.
 
 
 8
 2. Although leave to amend "shall be freely given where justice so requires," Federal Rule of Civil Procedure 15(a), a district court does not abuse its discretion by denying leave to amend where the amendment would be futile. See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1292-93 (9th Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). Plitt sought to amend its complaint to add G.E. as a defendant and allege a conspiracy to monopolize claim. However, the addition of G.E. and a conspiracy claim would not help Plitt establish that its damages were the result of an antitrust injury, so its amended complaint would have been dismissed anyway. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir.1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record also suggests that it is highly unlikely that Plitt could show the second element. Evidence that Act III maintained monopoly power by coercing G.E. was slim at best. Cf. Los Angeles Land Co. v. Brunswick Corp., 6 F.3d 1422, 1425-27 (9th Cir.1993); Oahu Gas Serv., Inc. v. Pacific Resources Inc., 838 F.2d 360, 367-71 (9th Cir.1988)